MILLER et al. v. WEST TEXAS LUMBER CO. et al.

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1912.)

PLEADING (§ 248*)—PETITION—AMENDMENTS —NEW CAUSE OF ACTION.

An amended petition curing defects in the original petition in an action on a note providing for 10 per cent. attorney's fees, arising from the failure to allege the contract price of attorney's services, or the reasonable value thereof, in the absence of a contract, does not set up a new cause of action, and defendant need not be cited to answer it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by the West Texas Lumber Company, and another against R. M. Miller and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Brown & Simmons, for appellants. R. Wilbur Brown, W. T. Bartholomew, and Jos. Spence, Jr., for appellees.

KEY, C. J. This is the second appeal in this case. Miller v. West Texas Lumber Co., 131 S. W. 608. After the case was remanded the plaintiffs amended their petition, curing the defect pointed out in the former opinion of this court; and at the last trial obtained judgment for their debt, interest, and attorney's fees, and the defendants Miller and Strother have again appealed. Appellants had filed an answer to the former petition, but filed no answer to appellees' last petition, and the judgment recites that Miller made default, but that Strother appeared in person at the trial. Since the decision referred to the Supreme Court has decided the question upon which we reversed the case differently from our decision, and, perhaps, under the latter decision, the plaintiffs were entitled to recover their attorney's fees under their former petition.

At any rate, we hold that the last petition filed, curing the alleged defects in the former petition, did not set up a new cause of action, and therefore it was not necessary for appellants to be cited to answer that petition.

All the questions presented in appellants' brief have been duly considered, and the conclusion reached that no error has been shown.

Appellees have filed a suggestion of delay and a prayer for judgment for 10 per cent. penalty. We do not think the case is one which justifies the imposition of the penalty referred to.

Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes